**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
v.                           )        Civil Action No.
                             )        1:22-cv-4579
STEPHEN A. LISENBY,          )
                             )
          Defendant.         )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF
STEPHEN A. LISENBY'S MOTION TO DISMISS**

COMES NOW, Defendant Stephen A. Lisenby (hereinafter "Mr. Lisenby")

and files this Memorandum of Law in support of his Motion to Dismiss showing the

court as follows:

## **INTRODUCTION**

The United States ("Plaintiff" or "the Government") brings one count against

Mr. Lisenby for penalties allegedly assessed under 31 U.S.C. § 5321(a)(5)(c),

seeking judgment for $2,359,907 (plus interest, late penalties, and fees) for an

alleged willful failure to file a form titled "Report of Foreign Bank and Financial

Accounts," commonly known as an FBAR form, for calendar years 2007 through

2014. The Complaint alleges Mr. Lisenby, an 83-year-old retiree, failed to report his

financial interest in, or signature authority over, foreign accounts associated with a

Turks and Caicos real estate venture for eight years, and that his conduct was willful. However, Plaintiff's claims for 2007 through 2014 fail for several reasons. First, Plaintiff has not provided valid notice and opportunity to pay the allegedly corrected penalty amount. Second, Plaintiff 's claims for the years 2007-2009 are time barred because the IRS failed to issue a timely assessment. Third, the Government does not plead sufficient facts to establish that Mr. Lisenby either knowingly or recklessly failed to abide by FBAR reporting rules for years 2007 through 2014.

## FACTUAL BACKGROUND

The Government's claims purportedly arise from an alleged failure "to timely report his financial interest in foreign bank accounts for calendar years 2007 through 2014" through the required annual filing of an FBAR form. (Compl. ¶ 1). The Government brings this action to collect outstanding civil penalties allegedly assessed against Mr. Lisenby for his willful conduct, including accrued interest, late payment penalties, and associated fees. *Id*.

### A. Mr. Lisenby's Foreign Accounts.

Mr. Lisenby is an 83-year-old retiree who formerly operated a plumbing business in the United States. (Compl. ¶¶ 15, 16). Beginning in the 1980s, Mr. Lisenby regularly vacationed in Turks and Caicos and got involved in a real estate venture that started to become successful in the early 2000s. (Compl. ¶ 18). In

connection with this venture, several foreign entities were formed, including Mako Investments Ltd. ("Mako"), YSY Ltd. ("YSY"), MB3 Ltd. ("MB3"), Villa Tamarind Ltd. ("Tamarind"), Venpro Ltd. ("Venpro"), Landfall I, Ltd. ("Landfall"), Southern Shores Management Ltd. ("Southern Shores"), Crystal Enterprises Ltd. ("Crystal"), and Gecko Development Co. Ltd. ("Gecko"). (Compl. ¶ 19). Each of these entities had an associated foreign bank account at CIBC FirstCarribbean International Bank ("FCIB"). (Compl. ¶¶ 19, 20). Mr. Lisenby also had a personal account at Barclays Bank PLC ("Barclays"). (Compl. ¶ 22). Barclays and FCIB are international banks that are headquartered outside the United States. (Compl. ¶¶ 21, 23). Due to an acquisition of Barclays' Caribbean branch by FCIB, Mr. Lisenby's personal account became an FCIB account. (Compl. ¶ 24).

## B. Violations for Calendar Years 2007 and 2008.

The Internal Revenue Service ("IRS") began assessing penalties for Mr. Lisenby's allegedly willful noncompliance with the FBAR filing requirements starting with the 2007 calendar year. (Compl. ¶ 31). The Complaint alleges that, for calendar years 2007 and 2008, Mr. Lisenby did not timely file an accurate FBAR by the statutory deadline and did not make the requisite foreign account disclosure on his tax returns via a Schedule B. *Id.* The Complaint further alleges that Mr. Lisenby's failure to file FBARs for 2007 and 2008 was willful because he "knew or should

have known of his obligation," he was "willfully blind to the requirements" and took "deliberate actions to avoid confirm[ation] [of] a high probability of wrongdoing." (Compl. ¶¶ 39, 40, 48). To support this allegation, the Government merely pleads that Mr. Lisenby "is a sophisticated businessman with decades of experience in international real estate development" and that his attorneys and accountants, if accurately informed, would have alerted him to the FBAR filing requirement. (Compl. ¶¶ 41, 42).

### C. Violations for Calendar Years 2009 through 2013.

The Complaint alleges the same basic facts for calendar years 2009 through 2013—a failure to timely file an accurate FBAR and a failure to disclose interests in foreign accounts on Mr. Lisenby's tax returns. (Compl. ¶ 33). To support its allegation that this failure to disclose was willful, the Government relies on the same facts above that it pleaded for 2007 and 2008. The Government merely adds that, since at least 2009, Mr. Lisenby's tax preparer, who is not identified, had informed him of the FBAR reporting requirement, and that he "misled his tax return preparer and concealed the amounts and sources of his foreign income." (Compl. ¶ 44).

### D. Violations for Calendar Year 2014.

Plaintiff alleges that although Mr. Lisenby did timely file an FBAR for 2014, it was neither accurate nor complete. (Compl. ¶ 38). More specifically, Mr. Lisenby

4

"only reported the trust account for Mako," omitting other accounts, and he inaccurately reported the maximum value of the Mako account. *Id*. Plaintiff claims that this allegation, combined with Mr. Lisenby's conduct during previous years, evidences willfulness. (Compl. ¶ 48).

### E. Mr. Lisenby's Involvement in the OVDP Program.

In July of 2015, Mr. Lisenby applied to the IRS Offshore Voluntary Disclosure Program ("OVDP") for tax years 2007 through 2014. (Compl. ¶ 25). The Complaint further alleges that he, as part of his OVDP application, "disclosed accounts at FCIB in which he held an interest," including "accounts for Mako, YSY, MB3, Tamarind, Venpro, Landfall, Southern Shores, Crystal, and Gecko" and his personal Barclays account. (Compl. ¶¶ 27, 28). However, Plaintiff claims—without providing further factual detail regarding the circumstances—Mr. Lisenby was "subsequently removed from OVDP because he failed to provide complete and accurate disclosures" of accounts in which he has an interest. (Compl. ¶ 30).

After Mr. Lisenby consented on multiple occasions to extend the statute of limitations on the IRS's penalty assessment against him, and after the IRS removed him from OVDP, on November 18, 2020, the IRS assessed $2,359,907 for his purportedly willful violations of the FBAR requirement. (Compl. ¶ 53). On November 17, 2022, the United States filed this suit to allegedly reduce the penalty

to judgment. (Compl. ¶ 54).  However, the Government is not seeking judgment for the assessed amount.

The Government alleges that at some unspecified time following the Eleventh Circuit's decision in *United States v. Schwarzbaum,* 24 F.4th 1355 (11th Cir. 2022), the IRS determined it would *sua sponte* recalculate the penalties assessed against Mr. Lisenby based upon that decision. (Compl. ¶ 61).  Despite determining that the Government's initial assessment was not in compliance with the law (Compl. ¶¶ 61-62), the Government has not alleged that it ever reassessed Mr. Lisenby or gave him an opportunity to pay based upon what it now asserts is the correct assessment.

## OVERVIEW OF THE FBAR STATUTORY
## PROVISIONS AND REGULATIONS

Federal statute 31 U.S.C. § 5314(a) provides that the Secretary of the Treasury require a U.S. citizen or resident to disclose to the Government when he or she "makes a transaction or maintains a relation for any person with a foreign financial agency." Although Congress did not define what constitutes a "relation" with a foreign financial agency, the Secretary promulgated regulations that defined "relationship" as a U.S. person's "financial interest in, or signature or authority over, a bank, securities, or other financial account in a foreign country" for any year where that person's aggregate balance for foreign financial accounts exceeds $10,000. 31 C.F.R. § 1010.350(a) (2011); 31 C.F.R. § 1010.306(c) (2010). These disclosures are

required to be reported on an FBAR form, which for 2007 through 2014, was due by June 30 for the previous calendar year. 31 C.F.R. § 1010.306(c) (2010). Such foreign accounts also must be listed on a Schedule B to a taxpayer's income tax returns.

A person who fails to file a required FBAR may be assessed a civil monetary penalty. 31 U.S.C. § 5321(a)(5). The Complaint asserts that if the failure was willful, the maximum penalty threshold is $100,000 or half the value of the foreign bank account at the time of the violation. *Id*. The Government can "commence a civil action to recover a civil penalty." 31 U.S.C. § 5321(a)(5). In the instance of a suit to recover a penalty assessment, Courts review the amount assessed *de novo*. *United States v. Williams*, No. 1:09-CV-437, 2010 WL 3473311, at *1 (E.D. Va. Sept. 1, 2010), *rev'd on other grounds*, 489 Fed. Appx. 655 (4th Cir. 2012).

## ARGUMENT AND CITATION OF AUTHORITY

### I.    The Government's Claims Are Legally Barred.

The Government's claims are barred because it (i) did not give Mr. Lisenby proper notice of the allegedly correct penalty amount; and (ii) failed to issue an assessment for the tax years 2007, 2008 and 2009 by the six-year statutory limitations deadline.

**A. The Government Cannot Seek to Collect Amounts That Have Not Been Properly Demanded and Noticed.**

The lawsuit should be dismissed because the Government purports to collect a penalty that was not properly assessed as required by law.

Plaintiff alleges that the Secretary of the Treasury issued a penalty on November 15, 2020, which Plaintiff alleges was sent to Mr. Lisenby on December 14, 2020. (Compl. ¶¶ 58-59). The Government admits that its assessment was improper and in violation of the law. Specifically, the Government alleges that its assessment was not in compliance with the Eleventh Circuit's decision in *United States v. Schwarzbaum*, 24 F.4th 1355 (11th Cir. 2022), and accordingly, the Government alleges that the "IRS determined the penalties assessed against Mr. Lisenby should be reduced . . ." ("IRS New Penalty Amount"). (Compl. ¶ 61). This IRS New Penalty Amount is what the Government seeks to collect in this action. (Compl. ¶ 63).

Under 31 U.S.C. § 5321(b)(2), the Government is required to assess a taxpayer before it can proceed to a civil action to collect the penalty. Treasury regulations delegate the authority to enforce FBAR reporting requirements, assess violators, and collect penalties from FinCEN to the IRS. 31 C.F.R. § 1010.810(g). The Internal Revenue Code requires the IRS to "as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each

person liable for the unpaid tax, stating the amount and demanding payment thereof." 26 U.S.C. § 6303(a). Further, the Internal Revenue Manual states that IRS must notify a taxpayer of a penalty assessment by sending Letter 3708, *Notice and Demand for Payment of FBAR Penalty*, and allow 30 days for full payment of penalty. *See* I.R.M. §§8.11.6.2(12) and 8.11.6.11(3).

In violation of the law and their own rules, the penalty the IRS seeks to impose has not been properly noticed. The IRS must re-issue its notice and demand for payment with the corrected penalty amount, and give Mr. Lisenby 30 days to pay in full. According to the IRS's own rules, notice and demand must be provided before a suit can be brought to collect an outstanding penalty. As such, this matter should be dismissed as the IRS has not given Mr. Lisenby valid notice nor an opportunity to pay a valid assessment.

### B. The Government's Claims for the Years 2007-2009 Are Time Barred Because the Government Failed to Issue a Timely Assessment.

Without exception, an FBAR violation must be assessed within six years of the due date for the filing, which is June 30 after the close of the tax year. 31 U.S.C. § 5321(b)(1). Accordingly, the Government would be barred from assessing Mr. Lisenby for 2007-2009 as follows:

| Tax Year | FBAR Due Date | Assessment Deadline |
| --- | --- | --- |
| 2007 Tax Year | June 30, 2008 | June 30, 2014 |
| 2008 Tax Year | June 30, 2009 | June 30, 2015 |
| 2009 Tax Year | June 30, 2010 | June 30, 2016 |

The Complaint alleges that on February 15, 2017, "Mr. Lisenby consented to extend the statute of limitations for the assessment of FBAR penalties for calendar years 2007-2011 to December 31, 2018." (Compl. ¶ 50). However, the statute of limitations under 31 U.S.C. § 5321(b)(2) for the years 2007-2009 had expired long before that date. In fact, they had expired (i) more than two and half years earlier for 2007; (ii) more than a year and half earlier for 2008; and (iii) more than six months earlier for 2009. An expired deadline cannot be extended–it is already expired, over, kaput. Thus, the Government is barred from pursuing any FBAR penalty for the years 2007, 2008, and 2009.

Mr. Lisenby cannot, by agreement, extend the period for assessment as set forth by Congress. Under 31 U.S.C. § 5321(b)(2), the Secretary of the Treasury "may assess" a civil penalty within a six-year period. Any agreement with Mr. Lisenby to change that period can only extend a statute of limitations that was not already expired. Specifically, 26 U.S.C. § 6501(c)(4), the limitations provision for income tax, provides that a statute of limitations can only be extended by consent

"before the expiration of the time prescribed for the assessment." In the instant case, any attempt to "extend" the statute of limitations beyond the six-year period *fails ab initio*. Congress has given Treasury the authority to enter into an agreement to *extend* a statute of limitations, but it has not given Treasury the authority to revive an *expired* statute of limitations.[1]

Nothing in the Complaint alleges why a "revival" of the expired statute of limitations for FBAR years 2007-2009 is warranted. Further, the Complaint does not allege that Mr. Lisenby has agreed not to assert any statute of limitations defenses, only that he "consented to extend the statute of limitations" for 2007 through 2011 and then later that he consented to extend the statute of limitations for assessment for 2007 through 2014 through 2020. (Compl. ¶¶ 50-52).

## II.     Complaint Fails to State an Actionable Claim for Relief.

In order to state a claim to recover a willful civil FBAR penalty, "the Government must plead facts to support reasonable inferences that (1) the

---

[1]     Two Florida District Court cases are of the view that because, 31 U.S.C. § 5321 does not expressly prohibit a revival of the limitations period after it has already expired, such an agreement is enforceable. *United States v. Solomon by & through Solomon*, 570 F. Supp. 3d 1195, 1202 (S.D. Fla. 2021); *United States v. Schwarzbaum*, 18-CV-81147, 2019 WL 3997132, at *4 (S.D. Fla. Aug. 23, 2019). However, this position is incorrect because it renders superfluous 26 U.S.C. § 6501(c)(4), which only permits "extension by agreement" before expiration of the limitations period. Congress has not authorized an extension after expiration.

government assessed a civil penalty, and (2) the penalty was valid because (a) [the defendant] was a U.S. 'person' who (b) had an interest in or authority over foreign accounts, which (c) had an aggregate value of $10,000 or more, and (d) he willfully failed to file an FBAR form to report the accounts to the government." *United States v. Park*, 389 F. Supp. 3d 561, 569 (N.D. Ill. 2019) (*citing* 31 U.S.C. § 5321 and 31 C.F.R. § 1010.350); *accord United States v. Pomerantz*, No. C16-0689JLR, 2017 WL 2483213, at *4 (W.D. Wash. June 8, 2017) (*citing* same).

### A. The General Standard on a Motion to Dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations in a complaint must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted), and must be "more than [] unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. "Conclusory allegations are not entitled to the assumption of truth," and after these are disregarded, the court assumes "any remaining factual allegations are true and determine[s] whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (*quoting and citing Iqbal*, 556 U.S. at 678).

### B. The Willfulness Standard on a Motion to Dismiss.

The Government does not sufficiently allege that Mr. Lisenby acted willfully when failing to file the requisite FBAR forms for calendar years 2007 through 2014. "[W]illfulness in the context of violations of § 5321 may be proven through inference from conduct meant to conceal or mislead sources of income or other financial information, and it can be inferred from a conscious effort to avoid learning about reporting requirements." *United States v. Green*, 457 F. Supp.3d 1262, 1273 (S.D. Fla. 2020) (*quoting Norman v. United States*, 138 Fed. Cl. 189, 192 (Fed. Cl. 2018), *aff'd* 942 F.3d 1111 (Fed. Cir. 2019) (citation and internal quotation marks omitted)).

In the FBAR civil penalty context, a "willful" violation includes both knowing or reckless violations. *Schwarzbaum*, 24 F.4th at 1362 (*citing United States v. Rum*, 995 F.3d 882 (11th Cir. 2021)). The Eleventh Circuit has joined other circuits in defining reckless conduct as "'conduct violating an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (*quoting Rum*, 995 F.3d at 889). Therefore, in order to state a claim for a willful violation, the Government must plead sufficient evidence for the court to infer that Mr. Lisenby acted with knowledge or with a reckless disregard

of the FBAR requirements for the filing years 2007 through 2014. *Green*, 457 F. Supp. 3d at 1273. It has not done so.

### C. As Alleged, the FBAR Violations for 2007-08 Are Not Willful.

No facts alleged in the Complaint establish or lead to a reasonable inference that Mr. Lisenby had actual knowledge or a reckless disregard of the FBAR filing requirements for 2007 and 2008. For those years, the Complaint alleges Mr. Lisenby "knew, or should have known, of his obligation," and that he was "willfully blind to the requirements to file FBARs." (Compl. ¶¶ 39, 40). These allegations are nothing more than legal conclusions that are insufficient to state a claim. *Iqbal*, 556 U.S. at 678. The Complaint contains only two factual allegations for 2007 and 2008 regarding willfulness: that Mr. Lisenby "is a sophisticated businessman," and that he "has retained accountants, attorneys, and advisors, who if accurately informed of his dealings, would have advised him that he was required to file FBARs." (Compl. ¶¶ 41, 42). These allegations do not plausibly support an inference of actual knowledge or reckless disregard of the FBAR reporting duty. *Pomerantz*, No. C16-0689JLR, 2017 WL 2483213, at *6 (dismissing claim because recitation of elements of claim does not plausibly support that taxpayer "knew—actually or constructively—of the reporting requirement").

14

Likewise, the Government has not adequately alleged willfulness for 2007 and 2008 violations (and for 2009 through 2013 for that matter) under a constructive knowledge theory. Here, the Government merely alleges that, for 2007 and 2008 (and for 2009 through 2013), "Mr. Lisenby was also required to disclose that he had an interest in these accounts in a Schedule B to his…federal income tax return; however, he did not." (Compl. ¶¶ 31-37). There are no allegations that Mr. Lisenby reviewed and signed his returns,[2] much less that that he ever reviewed a Schedule B or instructions regarding the FBAR requirement. For these reasons, such threadbare allegations do not establish constructive knowledge. Therefore, it would be implausible to conclude that Mr. Lisenby's "failure to file FBARs in those years was anything more than negligent." *Hughes*, No. 18-CV-05931-JCS, 2021 WL 4768683, at *16 (holding that "United States has identified nothing in Hughes's 2010 or 2011 returns as actually filed that, if 'examined' as she certified, would have put her on notice of the FBAR requirement," and absent evidence of other information "that

---

[2]     Some courts are of the view that "a taxpayer's signature on a tax return, thereby declaring under penalty of perjury that [the taxpayer] had examined this return and accompanying schedules and statements," shows constructive notice of the instructions on Schedule B, which includes the FBAR requirement. *See, e.g., United States v. Hughes*, No. 18-CV-05931-JCS, 2021 WL 4768683, at *15 (N.D. Cal. Oct. 13, 2021); *United States v. McBride*, 908 F. Supp. 2d 1186, 1206 (D. Utah 2012).

should have put her on notice" of the FBAR requirement, the United States has not met its burden to show willful violation for those years).

Even if this Court finds that the Government has sufficiently alleged constructive knowledge of the FBAR requirement (it has not), under its sparse allegations, such a theory does not plausibly establish willfulness. Such a view would "undermine[] the statutory distinction between willful and non-willful violations." *United States v. Flume*, No. 5:16-CV-73, 2018 WL 4378161, at *7 (S.D. Tex. Aug. 22, 2018); *United States v. Schwarzbaum*, No. 18-CV-81147, 2020 WL 1316232, at *8 (S.D. Fla. Mar. 20, 2020). Under the constructive knowledge theory, virtually all FBAR violations would be willful.[3] *Id.* The single allegation that Mr. Lisenby did not submit a correct Schedule B does not plausibly establish a willful violation when considered with the other facts in this case as alleged, which are that

---

[3]      Some courts disagree, reasoning that constructive knowledge does not ignore the willful and non-willful distinction because "'an FBAR violation would generally not be willful where a taxpayer did not know about, and had no reason to know about, her overseas account.'" *Jones v. United States*, No. SACV1900173JVSRAO, 2020 WL 4390390, at *6 (C.D. Cal. May 11, 2020) (*citing Norman v. United States*, 942 F.3d 1111, 1115 (Fed. Cir. 2019)). However, that argument ignores the reality of how a person with even mildly complex investments and business dealings conducts his or her taxes: with heavy reliance on a tax preparer. *Flume*, No. 5:16-CV-73, 2018 WL 4378161, at *9 (explaining that "because Flume had a tax-return preparer, it was arguably not reckless for him to not 'bother' reading the FBAR instructions"); *see also United States v. Boyle*, 469 U.S. 241, 250 (1985) ("When an accountant or attorney advises a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice.")

an 83-year old retiree, that possesses foreign accounts that were opened at least 16 years ago, relied on a tax preparer to prepare, review, and file his returns.[4]

### D. As Alleged, the FBAR Violations for 2009-2013 Are Not Willful.

No facts alleged in the Complaint establish or lead to a reasonable inference that Mr. Lisenby had actual knowledge of the FBAR requirements for years 2009 through 2013. For those years, the complaint alleges that "since at least 2009, Mr. Lisenby's tax return preparer informed [him] of the FBAR reporting requirement," and that "he misled his tax return preparer and concealed amounts and sources of his foreign income."[5] (Compl. ¶¶ 43, 44). These allegations resemble the naked, conclusory allegations in *Pomerantz*. No. C16-0689JLR, 2017 WL 2483213, at *6 (*quoting Iqbal*, 556 U.S. at 678) (holding allegations "are precisely the threadbare

---

[4]    The Complaint states that, since at least 2009, Mr. Lisenby misled his tax preparer regarding the existence of the foreign accounts. (Compl. ¶ 44). But this is a conclusory statement as it contains no further factual detail regarding how this deception occurred. *Pomerantz,* No. C16-0689JLR, 2017 WL 2483213, at *6. Therefore, this allegation should not be considered to determine whether a willful violation occurred.

[5]    As an example of Mr. Lisenby's deceptive behavior, Plaintiff alleges Mr. Lisenby "directed his tax return preparer to report foreign consulting income on a Schedule C, rather than a Form 5471, thus disguising it as self-employment income from a domestic activity." (Compl. ¶ 46). This argument is entirely misplaced. The FBAR form is about disclosure of bank accounts not income.  Therefore, even if true, this allegation is irrelevant to the elements of the claim brought.

recitals of the elements of a cause of action, supported by mere conclusory statements that are insufficient to state a claim").

Here, the Government is merely reciting elements of the claim. It does not explain in any factual detail how Mr. Lisenby mislead his tax preparer or how his unidentified preparer informed him of the FBAR reporting requirement. As a result, these allegations are insufficient to establish willfulness, and the claims for years 2009 through 2013 fail.

### E. As Alleged, the FBAR Violations for 2014 Are Not Willful.

The Complaint alleges that Mr. Lisenby filed a timely FBAR for 2014 in May of 2015. (Compl. ¶ 38). However, the allegations state he only filed an FBAR for one foreign account, which contained over $4 million at most, but not for the other accounts, which each contained anywhere from nothing to approximately two thousand dollars at most. *Id*. A failure to disclose these accounts was perhaps inadvertent or perhaps negligent, but not willful. Accounts with such negligible amounts can be easily overlooked. *Cf. Bedrosian v. United States, Dep't of the Treasury, Internal Revenue Serv.*, 505 F. Supp. 3d 502, 507 (E.D. Pa. 2020) (holding that failure to disclose foreign account with over $1 million was willful despite disclosing account with lesser amount because an account with such a "significant

amount of money" was "not easily overlooked"). Therefore, Plaintiff has not plausibly alleged the FBAR violations for 2014 were willful.

## **CONCLUSION**

For the forgoing reasons, Mr. Lisenby respectfully requests that this Court dismiss the Plaintiff's claim with prejudice.

This 31st day of January, 2023.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

*/s/ Jason S. Bell*
Jason S. Bell
Georgia Bar No. 048530
Anthony J. Rollins
Georgia Bar No. 613746
Emma H. Cramer
Georgia Bar No. 661985

1105 W. Peachtree St. NE
Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
Email: jbell@sgrlaw.com
Email: ajrollins@sgrlaw.com
Email: ecramer@sgrlaw.com

*Attorneys for Stephen A. Lisenby*

## <u>LOCAL RULE 5.1 CERTIFICATION</u>

I hereby certify that the foregoing *MEMORANDUM OF LAW IN SUPPORT OF STEPHEN A. LISENBY'S MOTION TO DISMISS* has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

This 31st day of January, 2023.

*/s/ Jason S. Bell*

Jason S. Bell
Georgia Bar No. 048530

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on this date he caused a true copy of the foregoing to be filed with the Clerk of Court by using the Pacer NextGen CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record in this case. No other counsel or parties are known to the undersigned be entitled to receive service of papers filed in this case.

This 31st day of January, 2023.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

*/s/ Jason S. Bell*
Jason S. Bell
Georgia Bar No. 048530
Anthony J. Rollins
Georgia Bar No. 613746
Emma H. Cramer
Georgia Bar No. 661985

1105 W. Peachtree St. NE
Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
Email: jbell@sgrlaw.com
Email: ajrollins@sgrlaw.com
Email: ecramer@sgrlaw.com

*Attorneys for Stephen A. Lisenby*